## CIRCUIT COURT OF WASHINGTON COUNTY

Appalachian Power Co.

v.

Orr

October 4, 1996

Case No. (Law) 91-246

BY JUDGE CHARLES H. SMITH, JR.

I have completed my review of the memoranda and authorities with regard to Appalachian Power Company's pending Motion in Limine. The court heard arguments of counsel on September 23, 1996.

Appalachian Power Company anticipates an objection from the defendant to the proposed testimony of its expert, Gaines Dickenson. Mr. Dickenson is expected to testify as a compensated expert in real estate values. He is not a licensed appraiser in Virginia. Thus, Appalachian Power Company anticipates an objection from the defendant under § 54.1-2010 *et seq.* of the Code and the holding in the case of *Lee Gardens Limited Partnership v. Arlington County Board,* 250 Va. 534 (1995).

While the court is of the opinion that Mr. Dickenson is probably eminently qualified and, most likely, could *qualify* as an expert in this court, he is not *allowed* to render his expert opinion in the context of this case if he is compensated unless he is a licensed appraiser.

Appalachian Power Company relies upon § 8.01-401.1 of the Code containing the general rules for the qualification of expert witnesses and the amendment to § 54.1-2010 effective July 1, 1995. That amendment states:

> B. Nothing construed herein shall proscribe the power of a judge to determine who may qualify as an expert witness to testify in any legal proceeding. This provision is declarative of existing law.

The *Lee Gardens* case was briefed in July and August of 1995. It was decided November 3, 1995. As noted, this amendment was effective July 1, 1995. Thus, Appalachian Power Company contends the attorneys who briefed the *Lee Gardens* case simply missed the amendment, did not inform the Supreme Court, and that they, therefore, did not know of the statutory change. Indeed, Appalachian Power Company contends this court should not presume that the Supreme Court intended to make an adjudication about the effect of such an important amendment without even mentioning it. A very good argument, indeed. In my humble opinion, there was room for at least a footnote reference to same in that opinion.

Nevertheless, this court is not at liberty to effectively reverse the Supreme Court. Just as the Supreme Court, in its interpretation of statutes, often attributes to the General Assembly full knowledge of their rulings, the court must attribute to the Supreme Court full knowledge of all effective legislative enactments potentially determinative of issues before them whether or not they are mentioned in briefs or referred to in their opinions. The ruling in *Lee Gardens* is a non-distinguishable precedent applicable to this case and by which this court is bound. If it is to be changed, it must be done by the legislature.