## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Commonwealth Transportation
Commissioner of Virginia

v.

John J. Baxter et al.

December 5, 1997

Case No. CL96-6-01

BY JUDGE WILLIAM H. LEDBETTER, JR.

The Transportation Commissioner has filed a motion in limine in this condemnation proceeding to exclude the testimony of an unlicensed real estate appraiser. The court heard arguments on December 1, 1997, and took the matter under advisement.

### Facts

The landowner intends to call as an expert witness a person who does not have a real estate appraiser's license to testify about the value of the property that is the subject of this proceeding. The Transportation Commissioner argues that even if that person is otherwise qualified, he is not allowed to testify under the provisions of Chapter 20.1 of Title 54.1 and the holding in *Lee Gardens v. Arlington County*, 250 Va. 534 (1995). The landowner contends that an amendment to Virginia Code § 54.1-2010 supersedes prior law on that issue.

### Applicable Law

The General Assembly enacted a real estate appraisers licensing law in 1990, effective January 1, 1993. See § 54.1-2009 et seq. Pursuant to that legislation, it is "unlawful to engage in the appraisal of real estate . . . for

compensation . . . without first obtaining a real estate appraiser's license" from the Real Estate Appraiser Board. Section 54.1-2011(A). An "appraisal" is defined as "an analysis, opinion, or conclusion relating to the nature, quality, value, or utility of specific interests in, or aspects of, identified real estate . . . ." Section 54.1-2009.

Whether a person not licensed as an appraiser can testify as an expert witness on real estate valuation was first addressed in an Attorney General's opinion in 1993. The Attorney General concluded that "it is unlawful for anyone who does not have a real estate appraiser's license to testify for compensation about the value of real estate in any court proceeding unless permitted under applicable statutory exemptions." Ops. Att'y Gen. 211 (1993).

Two years later, the Arlington County Circuit Court refused to allow an unlicensed person to testify as an expert witness about real estate values in a tax assessment case. On November 3, 1995, the Supreme Court affirmed the trial court's ruling, citing the Attorney General's 1993 opinion with approval. See *Lee Gardens, supra.*

Meanwhile, the 1995 General Assembly amended the real estate appraisers licensing law by adding the following language to § 54.1-2010:

> Nothing contained herein shall proscribe the powers of a judge to determine who may qualify as an expert witness to testify in any legal proceeding. This provision is declarative of existing law.

It is evident that the trial court decision in *Lee Gardens* predated the amendment. It is also evident that the Supreme Court decision in that case came after the amendment went into effect. No mention of the amendment was made in the Court's opinion.

The Transportation Commissioner cites a 1996 circuit court case in which the court was called upon to reconcile the *Lee Gardens* decision with the 1995 legislative amendment. In *Appalachian Power Co. v. Orr*, 40 Va. Cir. 370 (1996), the judge concluded that *Lee Gardens* controlled because it was decided after the amendment. The judge said that a trial court "must attribute to the Supreme Court full knowledge of all effective legislative enactments potentially determinative of issues before them" whether or not they are referred to in the opinion. On that basis, the judge determined that the unlicensed appraiser retained by the condemnor could not testify as a compensated expert witness.

In the 1997 supplement to his treatise on evidence, Professor Friend, citing *Lee Gardens*, adds the following language to his discussion on qualification of witnesses:

> A person, however experienced or otherwise well qualified, may not testify as an expert witness where a statute specifically makes it unlawful for the person to engage in that activity. Friend, *Law of Evidence in Virginia* (4th ed.) § 17-15.

The author makes no mention of the 1995 amendment to § 54.1-2010.

## Decision

The court is of the opinion that the rationale of *Lee Gardens* controls, but not for the reasons advanced by the Transportation Commissioner.

The court agrees with the landowner that *Lee Gardens* does not address the impact of § 54.1-2010(B) upon prior law. In that case, the Court reviewed an evidentiary ruling made by a trial court *prior* to July 1, 1995. The issue was the law in effect at the time of the trial court's ruling. It follows that the appellate court did not decide, directly or *sub silentio*, whether the 1995 amendment (in other words, the enactment of § 54.1-2010(B)) alters prior law.

Interestingly, the codifiers placed the amendment at the end of § 54.1-2010, a statute titled "exemptions from licensure." Viewed in that context, the amendment can be reasonably construed to mean that *those exemptions from license* do not proscribe the power of a judge "to determine who may qualify as an expert witness . . . ." In other words, the fact that an appraiser may be exempt from licensure does not alone entitle an unlicensed appraiser to testify because the judge maintains the power to determine under settled rules of evidence (e.g., § 8.01-401.1) whether the witness is qualified to give an opinion in the case.

The landowner's argument that the amendment completely removes the prohibition against unlicensed appraisers' testifying in legal proceedings would have more potency if the amendment had been placed in § 54.1-2011, titled "Necessity for license." Located there, perhaps the amendment could be more readily construed as abolishing the *necessity* for licensure of an appraiser testifying as an expert witness rather than as retaining the traditional powers of a judge to determine the qualifications of a witness appraiser who is *exempt* from licensure.

More significantly, the amendment contains the following sentence: "This provision is declarative of existing law." What was the existing law as of July 1, 1995, when the amendment became effective? Obviously, as explained above, the existing law on the date of the amendment was set forth in the Attorney General's 1993 opinion, later approved in *Lee Gardens*. The General Assembly is presumed to have had knowledge of the Attorney General's interpretation of the statutes. *Winchester v. American Woodmark Corp.*, 250 Va. 451 (1995). When the legislature enacted the amendment and qualified it with the proviso that the amendment is "declarative of existing law," the legislature evinced acquiescence in the Attorney General's interpretation. To hold that the General Assembly enacted the amendment for the purpose of correcting and overturning the Attorney General's earlier opinion would nullify the last sentence of the amendment.

Finally, even if the General Assembly intended by the amendment to remove the absolute prohibition enunciated in the Attorney General's opinion, it clearly did not intend to abrogate § 54.1-2011(A) which makes it unlawful to engage in the appraisal of real estate for compensation without a license, and it clearly did not intend to remove the power of a judge to determine who may qualify to testify as an expert appraiser in a legal proceeding. Despite the amendment, it is still unlawful to appraise real estate for compensation without a license.[1] How can an unlicensed person give an opinion about value in a legal proceeding of this sort without basing that testimony on his unlawful appraisal? By definition, an appraisal involves an analysis, opinion, or conclusion relating to the value of real estate. Section 54.1-2009. If a court were to allow such testimony, it would be condoning, even abetting, unlawful conduct. For that reason alone, a court should not qualify such a person and allow him to testify as an expert witness about the results or product of his appraisal.

### Conclusion

For the reasons explained, the court is of the opinion that the 1995 enactment of § 54.1-2010(B), which is expressly "declarative of existing law," did not abrogate the prohibition against an unlicensed person testi-

---

[1] No one has suggested that any of the exemptions listed in § 54.1-2010 or any of the exclusions in § 54.1-2011(C), (D), and (E) apply to the proposed expert witness in this case.

fying for compensation about the value of real estate in a court proceeding. The court is further of the opinion that a trial court should, and this court does, exercise its power to refuse to qualify an unlicensed appraiser as an expert witness so as to allow that witness to give an opinion about the value of real estate that would be based upon, and the product of, an unlawful appraisal.

Therefore, the Transportation Commissioner's motion will be granted.